UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Bank of America, NA., <br>          Plaintiff, <br><br> -v- <br><br> Public Administrator of Suffolk County as Administrator of the Estate of Alice G. Zahnd, et al., <br><br>          Defendants. | 2:25-cv-2729 <br> (NJC) (ST) |

## ORDER OF REMAND

NUSRAT J. CHOUDHURY, United States District Judge:

On May 15, 2025, pro se Defendant Henry R. Terry ("Terry") filed a Notice of Removal together with the $405 filing fee seeking to remove to this Court a post-judgment mortgage foreclosure proceeding commenced in 2009 in the New York State Supreme Court, Suffolk County ("State Court") under Index No. 016603/2009. (Not. Removal ¶ 1, ECF No. 1; Filing Fee, ECF No. 2.)[1] On June 12, 2025, Plaintiff Bank of America, NA ("BofA"), filed a letter motion requesting a conference before the Court to address its anticipated motion to remand this action under 28 U.S.C. § 1447 on the grounds that the removal was procedurally improper. (Pl.'s Ltr. Remand, ECF No. 5.) Although more than three weeks have passed, Terry has filed no response.

Upon careful review of Terry's submissions and Plaintiff's letter motion, and for the reasons addressed below, this matter is remanded to the State Court for lack of subject matter

---

[1] Terry has annexed to his Notice of Removal copies of the Summons and Complaint dated May 18, 2009 and Terry's Answer thereto dated June 30, 2009. (ECF No. 1-1 at 1-13.)

jurisdiction. Because Terry also failed to comply with the procedural requirements of removal, this Order addresses those deficiencies as well.

### I.     Lack of Subject Matter Jurisdiction

According to the Notice of Removal, Terry removed this action on the basis of federal question jurisdiction and diversity jurisdiction. (Not. Removal at 8–10.) But Terry has failed to establish either basis for this Court's jurisdiction over this action.

#### A.     Lack of Federal Question Jurisdiction

Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Terry asserts the following grounds for federal question jurisdiction: (1) "Violations of U.S. Department of Housing and Urban Development (HUD) Regulations (24 C.F.R. Part 206) and the National Housing Act," (2) "Deprivations of Due Process under the Fourteenth Amendment of the U.S. Constitution," (3) "Violations of RESPA, TILA, and FDCPA," and (4) "Substantial Federal Question Embedded in State Law Claims (Grable & Gunn Doctrine)" (Not. Removal at 8–9.) However, none of these grounds presents a valid basis for this Court's exercise of federal question jurisdiction.

The first three grounds are federal defenses raised by Terry in this action. None of them provide a basis for this Court's jurisdiction because the presence of a defense based on federal law is *not* a basis for removing a state court action to federal court. *See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) ("[F]ederal jurisdiction generally exists only when a federal question is presented on the face of the *plaintiff's* properly pleaded complaint.") (internal quotation marks omitted) (emphasis in original).

The fourth and final ground Terry asserts is the "Grable & Gunn Doctrine." (Not. Removal at 9.) Federal courts have federal question jurisdiction over "a special and small category of cases" with claims that "find[]" their "origins in state rather than federal law," *Gunn v. Minton*, 568 U.S. 251 (2013), because the "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities," *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308 (2005). The Supreme Court, in *Gunn*, clarified that this doctrine applies only "if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." 568 U.S. at 258. Terry has failed to assert any federal issue in this case that is in dispute, let alone one that is necessarily raised and substantial. *See id.* Nor had Terry asserted a federal issue that is "capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* Accordingly, the fourth ground invoked by Terry also does not provide a basis for federal question jurisdiction.

### B. Lack of Diversity Jurisdiction

Terry has failed to establish that this Court may exercise diversity jurisdiction over this action. Under 28 U.S.C. § 1332(a) ("Section 1332(a)"), federal courts have original jurisdiction over a civil action where the amount in controversy exceeds $75,000 and the action is between:

> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a). Section 1332(a) requires complete diversity among the plaintiffs and defendants in the action. *See Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 126 (2d Cir. 2020).

Here, the Notice of Removal invokes this Court's diversity jurisdiction as a suit between citizens of different states, but the Complaint in this action names as Defendants the United States of America O/B/O Secretary of Health and Urban Development and the United States of America-Internal Revenue Service. (Not. Removal at 18.) Neither of these Defendants are a citizen of a state for the purposes of diversity jurisdiction. *See Texas v. Interstate Commerce Comm'n*, 258 U.S. 158, 160, (1922) ("Obviously the United States is not a citizen of any state"); *Eastern Sav. Bank v. Walker*, 775 F.Supp.2d 565, 573 (E.D.N.Y. 2011) ("Nor can the Internal Revenue Service be subject to suit in a diversity case."). Accordingly, this Court lacks diversity jurisdiction under Section 1332(a).

## II.     Procedural Deficiencies in Removal

In addition to lacking subject matter jurisdiction, Terry's removal of this action was procedurally defective. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). In addition, 28 U.S.C. § 1446(a) sets forth the procedure for removal of a case to federal court as follows:

> A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, *together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.*

28 U.S.C. § 1446(a) (emphasis added). Furthermore, 28 U.S.C. § 1446(b) makes clear that:

> [t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief, . . . or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b). In addition, 28 U.S.C. § 1446(b)(2)(A) provides that "[w]hen a civil action is removed solely under section 1441(a), *all defendants* who have been properly joined and served *must join in or consent to* the removal of the action." 28 U.S.C. § 1446(b)(2)(A) (emphasis supplied).

"[S]tatutory procedures for removal are to be strictly construed." *Syngenta Crop. Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002). "[T]he burden is on the removing party to prove that it has met the requirements for removal." *Ulysse v. AAR Aircraft Component Servs.*, 841 F. Supp. 2d 659, 666 (E.D.N.Y. 2012) (citation omitted). "[O]ut of respect for the limited jurisdiction of the federal courts and the rights of states," courts "must resolve any doubts against removability." *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) (quotation marks omitted). In any case removed to federal court, "a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c).

Here, BofA timely filed a motion to remand on June 12, 2025, within 30 days after the filing of the Notice of Removal on May 15, 2025. (Pl.'s Ltr. Mot.; Not. Removal.) Specifically, BofA argues that remand is warranted because the Notice of Removal is untimely under 28 U.S.C. § 1446(b), because Terry removed the action sixteen years after service of the Summons and Complaint and because the Notice of Removal fails to confirm whether all Defendants in this action joined or consented to removal. (Pl.'s Ltr. Mot. at 2–3.)

Both of BofA's arguments are persuasive. Terry has not demonstrated that the Notice of Removal was timely filed within the 30-day period prescribed by 28 U.S.C. § 1446(b)(1) given that he seeks to remove the action to this Court *approximately sixteen years* after it was filed. Terry also does not indicate whether the other Defendants "join in or consent to the removal of th[is] action." 28 U.S.C. § 1446(b)(2). This is exemplified by the fact that the Notice of Removal is signed only by Terry and not by Defendants Public Administrator of Suffolk County as Administrator of the Estate of Alice G. Zahnd, United States of America O/B/O Secretary of Housing and Urban Development, United States of America-Internal Revenue Service, or New York State Department of Taxation and Finance. (Not. Removal at 11.)

In addition to these procedural deficiencies in removal, Terry has also failed to attach "a copy of all process, pleadings, and orders served upon" him in the state court case as is required for removal. 28 U.S.C. § 1446(a).

## CONCLUSION

Accordingly, this action is remanded to state court pursuant to 42 U.S.C. § 1447(c) for lack of subject matter jurisdiction. The Clerk of the Court shall: (1) mail a certified copy of this Order to the clerk of the Supreme Court of the State of New York, Suffolk County, pursuant to 42 U.S.C. § 1447(c); (2) close this case; and, (3) pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, serve notice of entry of this Order upon all parties as provided in Rule 5(b) of the Federal Rules of Civil Procedure and record such service on the docket. As the case is remanded to state court, BofA's letter motion requesting a conference before the Court to address its anticipated motion to remand is dismissed as moot.

Although Terry paid the filing fee in this Court, should he seek leave to appeal in forma pauperis, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order

would not be taken in good faith. Therefore, in forma pauperis status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: Central Islip, New York
      July 14, 2025

                                                 */s/ Nusrat J. Choudhury*
                                                 NUSRAT J. CHOUDHURY
                                                 United States District Judge